Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50003 | **DATE** | 11/29/2012 |
| **CASE TITLE** | Vangsness, et al. vs. Deutsche Bank National Trust Co., et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons set forth below, defendants motion to dismiss is granted in part and denied in part. Count I is dismissed with prejudice. Count III is dismissed without prejudice. The claims in Count IV based on the January 31, 2010 and March 31, 2010 letters are dismissed with prejudice. The motion to dismiss as to the Count IV claim based on the request received by Saxon October 6, 2009 is denied. Count II is stricken and plaintiffs are ordered to replead their ICFA claims by pleading fraud and deception claims (meeting the requirements of Rule 9(b)) in separate counts from unfair conduct claims. Plaintiffs shall set out in each count the facts alleged in support of the claims in that count rather than incorporating facts by reference. Plaintiffs amended pleadings shall be filed on or before December 28, 2012. The parties are ordered to schedule a settlement conference before Magistrate Judge Mahoney to be held no later than February 1, 2013.

*Philip G. Reinhard*

■[ For further details see text below.]

Notices mailed by Judicial staff.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

Plaintiffs, Corwin J. Vangsness and Carolyn Vangsness, bring this action against defendants, Deutsche Bank National Trust Co., as trustee for Morgan Stanley Home Equity Loan Trust 2007-1 ("Bank") and Saxon Mortgage Services, Inc. ("Saxon") alleging violation of the federal Home Affordable Mortgage Program (HAMP) (Count I), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("ICFA") (Count II), breach of contract (Count III), and violation of the federal Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2605(e) (Count IV). Jurisdiction is premised on 28 U.S.C. § 1331 based on the federal questions alleged in Counts I and IV. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The facts are taken from the complaint as well as from state-court and bankruptcy-court records. See Ennenga v. Starns, 677 F.3d 766, 774 (7th Cir. 2012) (A court may take judicial notice of actions taken in an earlier state-court action without converting a motion to dismiss to a motion for summary judgment.) Plaintiffs executed a note secured by a mortgage on their personal residence in October 2006. Bank is the trustee of the trust that holds this note and mortgage. In 2009, plaintiffs sought to modify the terms of this loan. Plaintiffs negotiated with Saxon (the loan servicing agent for Bank) concerning a modification. They sent a rate modification request to Saxon which was received on October 6, 2009. This request contained the following language: "Borrower requests a copy of the Note, HUD1, TIL, and all disclosures related to the closing of this loan. Under (section 2605(e)) of RESPA you are required to acknowledge this request within 20 days."

On October 22, 2009, plaintiffs filed a voluntary bankruptcy petition under Chapter 7 of the

bankruptcy code. On December 1, 2009, the bankruptcy trustee filed a no asset/no distribution report. On January 26, 2010, plaintiffs were granted a discharge, and on January 29, 2010, the bankruptcy case was closed.

On January 31, 2010, plaintiffs sent Saxon a modification request. On March 8, 2010 Bank filed a mortgage foreclosure action against plaintiffs in state court. On March 31, 2010, plaintiffs sent Saxon another modification request. A judgment of foreclosure was entered in favor of Bank and against plaintiffs on July 7, 2010. Plaintiffs filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 on September 29, 2010. This petition was denied on October 21, 2010. In the order denying the petition, the state court found "that if there was a violation of RESPA for non-response to a QWR [qualified written request,] that violation does not constitute an affirmative defense to this foreclosure action." Plaintiffs appealed this order. On February 25, 2011, the Illinois Appellate Court dismissed the appeal as premature.

On May 19, 2011, plaintiffs moved the state court for a finding pursuant to Illinois Supreme Court Rule 304(a) that there was no just reason to delay enforcement or appeal of the order denying the 2-1401 petition for relief from judgment. In this motion, plaintiffs stated that defendants argument to the appellate court for dismissal of the appeal of the denial of the 2-1401 petition had been that no final and appealable order had been entered in the foreclosure. This requested finding was never entered.

On June 1, 2011, plaintiffs filed a new motion to vacate judgment of foreclosure, this time pursuant to 735 ILCS 5/2-1301 rather than 5/2-1401. Section 2-1301(e) provides that a court in its discretion may "before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." A ruling was never made on this motion.

On August 24, 2011, Bank moved to vacate the judgment of foreclosure entered in its favor on July 7, 2010 and to dismiss the action without prejudice due to a loss mitigation hold to allow the borrowers to reinstate the mortgage. Bank was granted leave to "reinstate this cause, and reinstate all previously entered orders" in the event borrowers "default on the loss mitigation plan." The foreclosure action, including all prior orders and pleadings, was reinstated by order of the state court on December 21, 2011. Plaintiffs filed this federal court action on January 3, 2012 and the state court stayed its proceedings pending resolution of the federal action.

Defendants contend Count I must be dismissed because HAMP does not create a federal individual right of action. Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 555 (7th Cir. 2012). Plaintiffs now concede this is true. Accordingly, Count I is dismissed.

Defendants argue Count IV must be dismissed because it is barred by res judicata, the Rooker-Feldman doctrine, and because plaintiff has not alleged a valid claim under RESPA. 12 U.S.C. § 2605(e)(1)(A) requires a loan servicer who receives "a qualified written request from a borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days." 12 U.S.C. § 2605(e)(2)(B) requires a loan servicer to provide the borrower with a written response within 60 days after receipt of a qualified written request from the borrower. Plaintiffs allege defendants did not provide the acknowledgment within 20 days nor a response within 60 days as required.

Defendants contend this claim is barred by res judicata because plaintiffs already litigated and lost this RESPA claim in state court when they raised the RESPA claim in a petition under 735 ILCS 5/2-1401 to reopen a judgment of foreclosure. Plaintiffs counter res judicata cannot preclude their RESPA claim because a final state court judgment disposing of the RESPA claim was never entered. In Illinois, a "judgment ordering foreclosure of a mortgage is not final and appealable until the court enters orders approving the sale and directing the distribution." In re Marriage of Verdung, 535 N.E.2d 818, 824 (Ill.1989).

Defendants argue plaintiffs are ignoring the fact there are two distinct proceedings – the mortgage foreclosure and the 2-1401 petition. Under Illinois law, a petition for relief from judgment under 2-1401 is

treated as a new proceeding that is separate from the underlying proceeding in which the judgment from which relief is being sought was entered. Sarkissian v. Chicago Bd. of Educ., 776 N.E.2d 195, 200 (Ill. 2002). A "ruling on such a petition is deemed a final order and provision has been made for immediate review of these orders." Id. Defendants contend that because plaintiffs raised the RESPA claims in their 2-1401 petition, the order denying that petition is a final judgment precluding relitigation of this issue here. According to defendants, the finality or non-finality of the foreclosure judgment is irrelevant.

Plaintiffs, in fact, did appeal the denial of their 2-1401 petition for relief from judgment. This appeal was dismissed by the Illinois Appellate Court on defendants' motion as premature as no final judgment had been entered in the foreclosure and 2-1401 is a means to obtain relief from "final orders and judgments." 735 ILCS 5/2-1401(a).

Claim preclusion, also known as res judicata, "prohibits litigants from relitigating claims that were or could have been litigated during an earlier proceeding." Hayes v. City of Chicago, 670 F.3d 810, 813 (7th Cir. 2012). The court looks to Illinois law in deciding an issue of claim preclusion. Id. In Illinois, claim preclusion requires 1) a final judgment on the merits; 2) an identity of cause of action; and 3) an identity of parties or their privies." Id. Here, the first requirement is not met. No final judgment has been entered. While defendants argue the denial of plaintiffs' 2-1401 petition is a final judgment, the state-court history says otherwise. The appeal of that order was dismissed as premature as no final judgment of foreclosure had been entered from which 2-1401 relief could have been granted. The judgment of foreclosure as well as the findings of the state court rendered in the 2-1401 order were still open and subject to revision by the state court. Accordingly, res judicata does not bar plaintiffs' RESPA claim.

Defendants also argue that the RESPA claims should be dismissed under the Rooker-Feldman doctrine which deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "[A]n interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction." TruServ Corp. v. Flegles, Inc., 419 F.3d 584, 591 (7th Cir. 2005). As discussed above, no final judgment was entered in the state court so Rooker-Feldman does not apply. The court has subject matter jurisdiction.

Defendants contend plaintiffs fail to state a cause of action for a RESPA claim because judicial estoppel, and plaintiffs lack of standing, bar them from making a claim as to the October 2, 2009 request and because the January 31, 2010 and March 31, 2010 modification requests plaintiffs sent to Saxon were not "qualified written requests" under the statute.

Defendants argue plaintiffs' bankruptcy filing on October 22, 2009, and their failure to list the RESPA claim arising from the October 2, 2009 request as an asset in their bankruptcy schedules, means the claim is barred by judicial estoppel. The Schedule B (Personal Property) filed by plaintiffs in their bankruptcy on October 29, 2009 stated they owned no "contingent and unliquidated claims." Plaintiffs never filed an amendment to this schedule to include their RESPA claim arising from the October 2, 2009 request. Their bankruptcy case proceeded through the filing of a no asset/no distribution report by the trustee and a discharge of the plaintiffs' debts.

Judicial estoppel precludes a bankruptcy debtor "who denies owning an asset, including a chose in action or other legal claim," from realizing on that asset after the bankruptcy ends. Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006). Plaintiffs do not deny they did not list the RESPA claim in their schedules. They claim instead that the cause of action "did not accrue until after the bankruptcy discharge" though they do not provide any legal argument as to why this is true. Saxon received the request on October 6, 2009. The time limit for acknowledging receipt under section 2605(e)(1)(A) (20 days excluding legal public holidays, Saturdays, and Sundays) did not run until after the bankruptcy petition had been filed on October 22, 2009. Likewise, the time limit for taking action under section 2605(e)(2)(B) (60 days excluding legal public

holidays, Saturdays, and Sundays) did not run until after the filing of the petition. Both the 20-day and 60-day periods ran before the discharge on January 26, 2010.

Defendants assume the RESPA claim had to be listed as an asset of the estate because the qualified written request was sent and received before the bankruptcy filing. However, they do not provide any authority for the proposition that the sending and receiving, rather than the later failures to acknowledge and act within the statutory time limits, trigger the claim. The later dates would seem to be the points of accrual based on the language of the statute and those dates occurred after the filing of the bankruptcy petition. The cases cited by defendants deal with situations where the claims debtors failed to list clearly existed prior to the bankruptcy filing. Plaintiffs filed a Chapter 7 bankruptcy and property acquired after the commencement of a Chapter 7 case does not necessarily become property of the estate. In re Willett, 544 F.3d 787, 791, n.3 (7th Cir. 2008). Defendants, for purposes of this motion to dismiss, have not established plaintiffs were required to list the RESPA claim in their bankruptcy schedules as property they owned at the time of filing or that the claim became property of the estate at some later point and, therefore, defendants are not entitled to dismissal on judicial estoppel grounds. Defendants argument that plaintiffs lack standing to bring this claim because only the bankruptcy trustee may do so also fails for the same reason.

Defendants argue the claims based on the January 31, 2010 and March 31, 2010 requests must be dismissed because those documents are not "qualified written requests" under RESPA. Defendants contend that the documents are strictly requests for loan modifications not requests for information regarding servicing of the loans. Only requests related to loan servicing are subject to the RESPA requirements. Plaintiffs do not respond to this argument in their brief.

As discussed above, section 2605(e) requires a loan servicer to take certain actions in response to "a qualified written request from a borrower (or an agent of the borrower) for information relating to the servicing" of a loan. 12 U.S.C. § 2605(e)(1)(A). "Servicing" is defined in the statute to mean "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

"Any reasonably stated written request for account information can be a qualified written request." Catalan v. GMAC Mortgage Corp., 629 F.3d 676, 687 (7th Cir. 2011). Looking at the two letters at issue (which appear in the state court record), neither appears to request any information relating to the account. The letters ask for a loan modification and they ask for a response to the request for a loan modification. They do not ask for any information or allege any errors in the account. Plaintiffs do not cite any authority supporting a claim that a request for loan modification constitutes a qualified written request and, in fact, as noted above, plaintiffs do not respond to defendants' argument on this point at all. The January 31, 2010 and March 31, 2010 letters are not qualified written requests. The claims based on these letters are dismissed.

Defendants move to dismiss the state law counts as well. Defendants argue Count II alleging a violation of the Illinois Consumer Fraud and Deceptive Practices Act should be dismissed for failure to meet the pleading particularity requirements of Fed. R. Civ. P. 9(b). ICFA provides a claim for unfair or deceptive acts or practices including "deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact." 815 ILCS 505/2. Claims for violation of ICFA as to fraud and deception, "are subject to the same heightened pleading standards as other fraud claims; as such they must satisfy the particularity requirement of Rule 9(b)." Greenberger v. GEICO General Ins. Co., 631 F.3d 392, 399 (7th Cir. 2011). Claims under ICFA as to unfair conduct are not subject to the heightened pleading standard and only require conformance to Rule 8 standards. Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc., 536 F.3d 663, 670 (7th Cir. 2008).

The difficulty the court faces is attempting to sort out exactly what plaintiffs are pleading as violations

of ICFA. The ICFA count (Count II) incorporates the first 48 paragraphs of the complaint, then identifies the existence of ICFA and some of its terms, and then alleges defendants violated ICFA by "engaging in the conduct aforedescribed." Plaintiffs allege variously in the first 48 paragraphs that defendants acted negligently, recklessly, fraudulently, deceptively, maliciously, and unconscionably. It is not clear which facts go to fraud and deception, requiring greater specificity, and which go to unfair conduct requiring only conformance to Rule 8. Plaintiffs are ordered to replead their ICFA claims pleading fraud and deception claims (meeting the requirements of Rule 9(b)) in separate counts from unfair conduct claims. Plaintiffs shall set out in each count the facts alleged in support of the claims in that count rather than incorporating facts by reference. See In re Ocwen Loan Servicing, LLC Mortgage Servicing Litigation, 491 F.3d 638, 641 (7th Cir. 2007) (suggesting the expediency of district court ordering plaintiffs to be more specific in what acts of defendants they are complaining about.)

Defendants also seek dismissal of the Count III breach of contract claim. They assert this claim is barred by res judicata and the Rooker-Feldman doctrine. For the reasons discussed above, neither is a bar to this claim. Defendants also argue the breach of contract claim must be dismissed because it alleges defendants violated paragraphs 15 and 20 of the mortgage by failing to respond to plaintiffs' written request for a modification to their loan or respond "to their request under the provisions of paragraph 20." As defendants point out, neither paragraph 15 or paragraph 20 says anything about a duty to file any kind of response to a request by plaintiffs. Paragraph 15 deals with where to send notices. Paragraph 20 deals with notice of breach and time to cure. These allegations do not state a claim.

Defendants ask the court to abstain under the Colorado River doctrine. Colorado River is an extraordinary and narrow exception to the federal courts' obligation to adjudicate controversies properly before them. Tyrer v. City of South Beloit, 456 F.3d 744, 751 (7th Cir. 2006). Its application is limited to situations where concurrent state and federal actions are actually parallel and certain factors demonstrate the existence of "exceptional circumstances." Id. Defendants entire argument in support of abstention is set out in its brief as follows: "a stay is appropriate as there are concurrent and parallel state and federal actions; plaintiffs are asking both the federal and state courts to assume jurisdiction over the same res; the state court case was filed first and has progressed to ruling and judgment on multiple issues, including the claims brought in this case; and it is desirable to avoid piecemeal litigation." Defendants do not explain why the actions are parallel or what the res is. The state court case is a mortgage foreclosure involving specific real estate. The federal action does not seek any relief related to real estate but only seeks money damages. The state court has stayed its case pending resolution of the federal case. Defendants have not provided a sufficient basis to find the actions are parallel or that extraordinary circumstances exist requiring abstention.

For the foregoing reasons, defendants motion to dismiss is granted in part and denied in part. Count I is dismissed with prejudice. Count III is dismissed without prejudice. The claims in Count IV based on the January 31, 2010 and March 31, 2010 letters are dismissed with prejudice. The motion to dismiss as to the Count IV claim based on the request received by Saxon October 6, 2009 is denied. Count II is stricken and plaintiffs are ordered to replead their ICFA claims by pleading fraud and deception claims (meeting the requirements of Rule 9(b)) in separate counts from unfair conduct claims. Plaintiffs shall set out in each count the facts alleged in support of the claims in that count rather than incorporating facts by reference. Plaintiffs amended pleadings shall be filed on or before December 28, 2012. Whether or not plaintiff's file an amended complaint as to Count II, the parties are ordered to schedule a settlement conference before Magistrate Judge Mahoney to be held no later than February 1, 2013. This case and the state-court litigation have thus far expended an inordinate amount of judicial resources emanating from the original, non-complex, foreclosure case.